IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| JESUS CORONA VARGAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 321-059 |
| ) | |
| MATTHEW WHITAKER, and ) | |
| WARDEN STACEY N. STONE, ) | |
| ) | |
| Respondents. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at McRae Correctional Facility, in Helena, Georgia, filed the above-captioned petition pursuant to 28 U.S.C. § 2241, claiming the charging statutes underlying his federal conviction are invalid. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

I.   BACKGROUND

On April 1, 2010, Petitioner entered a guilty plea in the Northern District of Alabama to three counts of unlawful distribution of methamphetamine in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(C). (Doc. no. 3, p. 2); United States v. Vargas, Criminal Action No. 4:10-CR-19-MHH-TMP-1 at Doc. Nos. 10, 25 (N.D. Ala.) (PACER) ("Vargas I"). Petitioner was sentenced to a total of sixty months of imprisonment to be followed by forty-eight months

of supervised release. After serving approximately four years in imprisonment, Petitioner was released and removed to his national birthplace of Mexico. (Doc. no. 1-1, p. 16).

After gaining entrance to the United States, Petitioner was again arrested and entered a guilty plea on February 26, 2018 in the Northern District of Alabama for more drug offenses. (Doc. no. 1-3, p. 2-3.) Petitioner was sentenced on August 19, 2019 to 100 months of imprisonment. (Doc. no. 1-3, p. 2-3); see United States v. Vargas, Criminal Action No. 5:17-CR-271-MHH-GMB-7 (N.D. Ala.) at doc. nos. 117-18, 234 (PACER) ("Vargas II"). Petitioner now challenges this conviction pursuant to 28 U.S.C. § 2241 in the above-captioned petition.

On October 5, 2021, Petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Southern District of Georgia. (Doc. no. 1). However, this is Petitioner's second action filed under 28 U.S.C. § 2241. (Doc. no. 3.) United States Magistrate Judge Justin S. Anand dismissed the prior case based on improper venue on February 8, 2021. (Id., p. 1-2.) In addition to improper venue, Judge Anand noted Petitioner neither paid the filing fee nor submitted a motion to proceed *in forma pauperis* ("IFP"). (Id.) Further, Judge Anand declined to transfer the case to the proper venue, finding it would not be in the interest of justice as "Petitioner has not demonstrated that § 2255 is inadequate or ineffective" to test his claims. (Id. at 5-6.) The current petition is nearly identical to the § 2241 petition dismissed by Judge Anand. (Doc. no. 1; doc. entry dated November 22, 2021.)

## II. DISCUSSION

Under the general habeas corpus statute, "district courts . . . within their respective jurisdictions" may grant writs of habeas corpus to prisoners "in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241. However, "[t]ypically,

2

collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005); see also Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351-52 (11th Cir. 2008). Under limited circumstances, a provision of § 2255, known as the "savings clause," permits a federal prisoner to challenge the legality of his detention in a § 2241 petition when the "remedy by motion is inadequate or ineffective to test the legality of [a petitioner's] detention." 28 U.S.C. § 2255(e); McCarthan v. Director of Goodwill Industries-Suncoast, Inc., 851 F.3d 1076, 1081-82 (11th Cir.) (*en banc*), *cert denied sub nom*. McCarthan v. Collins, 138 S. Ct. 502 (U.S. 2017). Petitioner bears the initial burden of establishing satisfaction of the savings clause, Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006) (*per curiam*), and such satisfaction is a jurisdictional prerequisite for a court to consider a § 2241 petition. McCarthan, 851 F.3d at 1099.

> In McCarthan, the Eleventh Circuit explained the savings clause analysis as follows:
>
> [W]e ask only whether the motion to vacate is an adequate procedure to test the prisoner's claim. And to answer that question, we ask whether the prisoner would have been permitted to bring that claim in a motion to vacate [under § 2255]. In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy.

Id.

Even where adverse circuit precedent may have previously rendered a petitioner's claim meritless, the §2255 remedy will not be considered inadequate or ineffective: "[w]hether circuit precedent 'was once adverse to a prisoner has nothing to do with whether his motion to vacate his sentence is inadequate or ineffective to test the legality of his detention.'" Id. at 1085-86 (citation omitted). Neither the existence of new case law, newly discovered facts, nor an "incorrect" decision by the § 2255 court can satisfy the savings clause because "[i]f the

savings clause guaranteed *multiple* opportunities to test a conviction or sentence, then the bar against second and successive motions under § 2255(h) would become a nullity.'" Id. at 1090 (citation omitted). The Eleventh Circuit has also explained, "A claim of actual innocence is not one of the rare [instances] for which a § 2255 motion is an inadequate or ineffective remedy." Amodeo v. FCC Coleman - Low Warden, 984 F.3d 992, 994 (11th Cir. 2021).

Furthermore, the procedural requirements of § 2255, including the prohibition against successive petitions, do not make the remedy inadequate. Id. at 998 ("A movant may lose because of untimeliness, or procedural default, or failure to bring the claim or claims in an initial § 2255 motion, but that is because of the inadequacy or ineffectiveness of the case or the claims, not the remedy." (citing McCarthan, 851 F.3d at 1086)); see also Harris v. Warden, 801 F.3d 1321, 1324 (11th Cir. 2015) (*per curiam*) (concluding that regardless of whether a court of appeals will actually certify a successive § 2255 motion, § 2255 is adequate to test the legality of a petitioner's sentence); Darby, 405 F.3d at 945. In sum, McCarthan stands for the proposition that the saving clause is to only be applied in "limited circumstances" where a petitioner's claims cannot be remedied by § 2255. 851 F.3d at 1093.

Petitioner's case does not present the "limited circumstances" described in McCarthan warranting application of the savings clause. Petitioner argues the remedy under § 2255 does not apply because he is seeking injunctive relief and there is no conviction or sentence over which the sentencing court had "jurisdiction over the United States Attorney General or Warden whose actions are being challenged." (Doc. no. 1, p. 3.) Although Petitioner argues § 2255 does not apply, Petitioner seeks to challenge the legality and applicability to him of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 844(a), the statutes that formed the basis of his indictment and thus his conviction. (See generally doc. no. 1.) However, "the only relevant

4

consideration is whether the prisoner would have been permitted to bring that type of claim in a § 2255 motion." Bernard v. FCC Coleman Warden, 686 F. App'x 730, 730 (11th Cir. 2017) (*per curiam*) (citing McCarthan at 1085-92), *cert. denied*, Bernard v. Jarvis, 138 S. Ct. 1164 (U.S. 2018). Petitioner had access to adequate procedures to test his convictions in a § 2255 motion and failed to do so. Indeed, the courts of his criminal convictions through a § 2255 action would have jurisdiction over Petitioner's Warden. Further to the extent Petitioner is arguing he would be unable to challenge the legality of the criminal statutes by which he was sentenced, § 2255 allows Petitioner to challenge whether a sentence was imposed in violation of "the Constitution or laws of the Unites states, or the court was without jurisdiction to impose such sentence." 28 U.S.C § 2255(a)

In sum, Petitioner's § 2241 petition constitutes an improper attempt to circumvent the requirements for filing § 2255. See McCarthan, 851 F.3d at 1092. Petitioner cannot avoid these requirements simply by raising his challenge under § 2241. This Court lacks jurisdiction to address the petition, and it should be dismissed. See Donaldson v. Warden, FCI Coleman Medium, 691 F. App'x 602, 603 (11th Cir. 2017) (*per curiam*) (holding district court without jurisdiction to consider § 2241 petition where petitioner did not meet savings clause requirements); Smith v. FCC Coleman - Medium Warden, 701 F. App'x 929, 931 (11th Cir. 2017) (*per curiam*) (same); McDowell v. Warden, FCC Coleman-Medium, 694 F. App'x 692, 695 (11th Cir. 2017) (*per curiam*) (same).

### III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case

be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 16th day of December, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA